NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LIVIA M. SCOTTO,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-1187

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-4076, Judge Michael P. Allen.

---

Decided: November 14, 2024

---

LIVIA M. SCOTTO, Valrico, FL, pro se.

JOSEPH ALAN PIXLEY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, LOREN MISHA PREHEIM.

---

Before REYNA, TARANTO, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Pro se appellant Livia M. Scotto appeals a decision from the United States Court of Appeals for Veterans Claims in which the Veterans Court dismissed Ms. Scotto's appeal for lack of jurisdiction. For the following reasons, we dismiss the present appeal.

## BACKGROUND

In June 2023, Ms. Scotto filed an appeal before the United States Court of Appeals for Veterans Claims ("Veterans Court"). *Scotto v. McDonough*, No. 23-4076, 2023 WL 6057374, at *1 (Vet. App. Sept. 18, 2023) ("*Decision*"). In her Notice of Appeal, Ms. Scotto listed February 19, 2019, as the date of the Board of Veterans' Appeals ("Board") decision that she sought to appeal. *Id.* In another section of the Notice of Appeal, Ms. Scotto listed the date of the Board decision as January 17, 2023, along with other handwritten notes stating "UNKNOWN" and "NO DECISION WAS SENT." *Id.* The Notice of Appeal did not provide any additional information on any Board decision Ms. Scotto sought to appeal. *Id.*

The Secretary of Veterans Affairs ("Secretary") moved to dismiss the underlying appeal for lack of jurisdiction, noting that the Board did not issue a decision relating to Ms. Scotto on either of the dates Ms. Scotto listed. *Id.* Before deciding the Secretary's motion to dismiss, the Veterans Court provided Ms. Scotto with multiple opportunities to identify a Board decision she sought to challenge. Appx1.[1] Ms. Scotto failed to do so. *Decision*, at *1.

---

[1]    "Appx" refers to the appendix accompanying the Secretary's responding brief.

On September 18, 2023, the Veterans Court dismissed Ms. Scotto's appeal for lack of jurisdiction. The Veterans Court explained that if a claimant seeks review before the Veterans Court of a Board decision, there must be a final Board decision at issue. *Id.* (citing 38 U.S.C. §§ 7252, 7266(a)). The Veterans Court explained that the Board did not issue any decision concerning Ms. Scotto on the dates that Ms. Scotto identified, and that Ms. Scotto failed to identify any other purported decision she wished to appeal. *Id.*

After the September 2023 decision, Ms. Scotto filed additional documents with the Veterans Court, which it interpreted as a motion to reconsider the dismissal and a motion for recusal. Appx1. In October 2023, the Veterans Court denied the motions. Appx2. The Veterans Court noted that Ms. Scotto (1) once again failed to identify a Board decision she sought to challenge and (2) failed to raise any bases for challenging the assigned Veterans Court judge's impartiality or fair judgment that would require recusal of the judge. Appx2. The Veterans Court entered judgment against Ms. Scotto. Appx2.

Ms. Scotto appeals.

### DISCUSSION

This court's jurisdiction to review a decision of the Veterans Court is limited. We review the validity of a Veterans Court decision "on a rule of law or of any statute or regulation . . . or any interpretation thereof" that the Veterans Court relied on in making its decision. 38 U.S.C. § 7292(a). Additionally, this court may not, unless a constitutional challenge is presented, "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

On appeal, Ms. Scotto raises no legal argument, nor does she present a constitutional argument, concerning the Veterans Court's September 2023 decision. Ms. Scotto

thus fails to raise a challenge to the Veterans Court's September 2023 decision that would fall within the narrow confines of our appellate jurisdiction. *See* 38 U.S.C. §§ 7292(a), (d)(2). First, Ms. Scotto lists various statutes in her filings before this court, such as laws governing war damages and congressional reporting, but does not make a discernible argument as to why those statutes are relevant to the Veterans Court's September 2023 decision. *See* Appellant's Informal Br. 2 (citing 50 U.S.C. § 515).[2] We fail to see how those statutes, which the Veterans Court never relied on, let alone discussed, in its September 2023 decision, are relevant. Second, Ms. Scotto provides extraneous information in her filings but does not explain how that information relates to the Veterans Court's September 2023 decision. *See, e.g.*, Appellant's Formal Reply Br. 7 (discussing "criminal collusion," "interference with employment contracts," and "larsceny" [sic]). Even with a lenient reading of her filings, we cannot discern any connection between these extraneous statements and the Veterans Court's September 2023 decision. We thus have no jurisdiction over Ms. Scotto's appeal. *See* 38 U.S.C. §§ 7292(a), (d)(2).

## CONCLUSION

For the foregoing reasons, Ms. Scotto's appeal is dismissed for lack of jurisdiction.

## **DISMISSED**

### COSTS

No costs.

---

[2] To the extent Ms. Scotto challenges on appeal the Veterans Court's October 2023 decision, Ms. Scotto fails to raise any discernable challenge to that decision that falls within our appellate jurisdiction. *See* 38 U.S.C. §§ 7292(a), (d)(2).